UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.W., a minor, by and through his Guardian Ad Litem, Nichole Wilder,<br><br>    Plaintiff,<br><br>  v.<br><br>Enterprise Elementary School District, a local education agency,<br><br>    Defendant. | No. 2:22-cv-00716-KJM-DMC<br><br>ORDER |

In this suit under the Individuals with Disabilities Education Act (IDEA), defendant Enterprise Elementary School District (EESD) moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons below, the court **denies the motion.**[1]

---

[1] The court **grants** the defendant's request for judicial notice of orders and pleadings from a related administrative proceeding. *See* Request for Judicial Notice (RJN), ECF No. 12-2; *Moreno v. Ross Island Sand & Gravel Co.*, No. 2:13-CV-00691-KJM, 2015 WL 5604443, at *2 (E.D. Cal. Sept. 23, 2015) (courts can take judicial notice of "pleadings and orders in related proceedings"). But the court does not take judicial notice of disputed factual information contained in those documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

I.    BACKGROUND

Plaintiff L.W. is a five-year old student with Wolf-Hirschhorn Syndrome who has multiple disabilities, including "limited ability to fight off an infection." Compl. ¶¶ 5, 8–9, ECF No. 1.  Defendant EESD is a school district responsible for providing special education and related services for L.W. under the IDEA and state law.  *Id.* ¶¶ 5, 7.

L.W.'s conditions require him to receive education remotely at home, and L.W.'s parent requested EESD to provide in-person assistance for L.W. to navigate a laptop or other technology.  *Id.* ¶ 12.  Soon after receiving the parents' request, EESD filed a due process complaint with the Office of Administrative Hearings (OAH), seeking an order permitting it to "unconditionally implement" teleservices and to "unconditionally exchange medical information" with L.W.'s physicians.  RJN Ex. A at 5.[2]  The plaintiff also filed a due process complaint with OAH, and OAH consolidated the two related matters.  Compl. ¶ 14; *see* Compl. Ex. 1 at 2, ECF No. 1-1.

On January 31, 2022, OAH issued a decision finding for the plaintiff on each issue. Compl. ¶ 15.  The administrative law judge (ALJ) found EESD's "offer of exclusive virtual services denied Student a FAPE [Free and Appropriate Public Education]." Compl. Ex. 1 at 23. Further, the ALJ concluded it "was not the responsibility of Parent" to provide L.W. the "needed assistance to facilitate the technology and maintain attention while in school with consistent support." *Id.* at 24.  The ALJ noted the plaintiff's reliance on "equitable judicial discretion to craft an appropriate compensatory education remedy" despite "fail[ing] to submit any documentary or testimonial evidence that addressed compensatory education." *Id.* at 39.  In the end, the ALJ ordered EESD to fund several services provided by a nonpublic agency of the "parent's choice," including specialized academic instruction, speech and language services, occupational therapy, and physical therapy.  Compl. ¶ 16; Compl. Ex. 1 at 42.

While the express language of the order does not specify which party has the burden of identifying certified nonpublic agencies, *see* Compl. Ex. 1 at 42, the plaintiff

---

[2] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

believed the decision placed the burden on the parent. *See* Compl. ¶ 17. Since the OAH decision issued, L.W.'s parent has been unable to identify nonpublic agencies to provide L.W. with the services the ALJ ordered. *Id.* ¶¶ 18–20. L.W.'s parent "has approached EESD staff to inquire about potential nonpublic agencies," but "obtained no information about such available agencies." *Id.* ¶ 20. The plaintiff does "not seek reversal of any of the findings or the basic Order for services by OAH." *Id.* ¶ 15. Rather, the plaintiff seeks "an alteration" of the remedies to place the burden of locating nonpublic agencies to provide compensatory services to L.W. on EESD, not the parent. *Id.* ¶¶ 21–26; *see* OAH Order Redline, ECF No. 21. The plaintiff also seeks "reasonable attorney's fees and costs in prosecuting this matter." *Id.* ¶ 28.

The defendant moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. Mot., ECF No. 12. Plaintiff L.W., a minor, by and through his guardian ad litem, Nichole Wilder, opposes the motion. Opp'n, ECF No. 13. The defendant has replied, Reply, ECF No. 14.[3] The court held a videoconference hearing on October 7, 2022. Tania Whiteleather appeared for L.W. and Kyle Raney appeared for the defendant.[4] *See* Min. Order, ECF No. 20. At hearing, the court **granted** the plaintiff's petition for appointment of guardian ad litem and appointed Nichole Wilder as the guardian ad litem for L.W. *See id.*

II.   **LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v.*

---

[3] The defendant objects to Nichole Wilder's declarations supporting the plaintiff's opposition as an improper attempt to introduce new information not pled in the complaint. Wilder Decl. Obj., ECF No. 14-2. Because the court does not rely on these declarations in deciding the motion, the defendant's objection is **denied as moot.**

[4] At hearing, the court cautioned counsel for the defendant that any future noncompliance with the court's standing order requiring exhaustion of meet and confer efforts prior to filing motions may result in sanctions.

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**III.   ANALYSIS**

    **A.   Statutory Standing—Aggrieved Party**

The defendant first seeks to dismiss the plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The defendant argues the plaintiff does not have standing under the IDEA because the plaintiff is not an aggrieved party. The defendant confuses Article III standing and statutory standing. Lack of standing under a statute may be challenged under Rule 12(b)(6) for failure to state a claim, and not under Rule 12(b)(1). The court construes the defendant's argument as one based on Rule 12(b)(6) and will proceed with a statutory standing analysis.

The defendant claims the plaintiff cannot be an aggrieved party because the plaintiff "prevailed on every single issue in the underlying due process hearing." P. & A. at 12, ECF No. 12-1. Further, the defendant argues "a plaintiff must demonstrate that they were denied relief they affirmatively requested." *Id.* The IDEA provides procedural safeguards for children with disabilities. *S.C. by K.G. v. Lincoln Cnty. Sch. Dist.*, 16 F.4th 587, 589 (9th Cir. 2021). One such safeguard is the right of "any party aggrieved" by the "findings and decisions" rendered during an impartial due process hearing to bring a civil action in federal court. 20 U.S.C. § 1415(i)(2). In California, a due process hearing is heard in the first instance by an ALJ within the state's OAH. *Martinez v. Newsom*, 46 F.4th 965, 973 (9th Cir. 2022); *see* Cal. Educ. Code §§ 56501, 56505.

The IDEA does not define "party aggrieved." However, the Ninth Circuit has found "a 'party aggrieved' . . . includes [a plaintiff] who is aggrieved by a school district's failure to either appeal or comply with a final administrative order and who seeks court enforcement of that final administrative order." *S.C. by K.G.*, 16 F.4th at 591 (9th Cir. 2021). The Ninth Circuit cites to a

4

First Circuit decision, which concludes "Congress could not have intended to leave plaintiffs without an IDEA statutory remedy when they succeed before the hearing officer and the school system does not appeal the administrative decision but simply fails to fulfill a continuing obligation to provide services." *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 115–16 (1st Cir. 2003). The First Circuit observes, "Congress could not have intended for a school system to be in a *better* position under IDEA when it refuses to comply with a final administrative order." *Id.* at 116 (emphasis in original). Leaving a court powerless to issue injunctive relief in such circumstances would create a perverse incentive for school systems "not to announce their intentions to refuse to comply with those orders, and generally not to comply." *Id.*

Here, the plaintiff argues "the term 'aggrieved' must include a student who . . . is given compensatory education services but cannot, because of language in the hearing officer's order and simple facts, access that remedy. Such a situation results in no remedy for the student at all." Opp'n at 7. The court finds the plaintiff's argument persuasive. Congress's clear intent in providing procedural protections in the IDEA is to ensure a child's right to a FAPE is enforced. *Lake Washington Sch. Dist. No. 414 v. Off. of Superintendent of Pub. Instruction*, 634 F.3d 1065, 1067 (9th Cir. 2011). In this case, the ALJ found L.W. was denied a FAPE and, relying on the judge's equitable powers, ordered compensatory education to remedy the denial of a FAPE. Compl. Ex. 1 at 24, 37–39. However, both in its reply and during the hearing, the defendant argues nothing in the ALJ's order obligated EESD to provide anything other than funding for the services. *See* Reply at 6 ("The OAH Decision does not direct the District to assist Plaintiff with locating [non-public agencies] to provide compensatory education services to Plaintiff."). Because the express language of the order did not clarify who had the burden of identifying certified nonpublic agencies that can provide the compensatory education services the ALJ ordered for L.W., the plaintiff's mother assumed she has had the burden until now. But if the parent is required to carry the burden to identify agencies to provide L.W. with compensatory education, particularly given her unsuccessful efforts to date, EESD would be allowed to escape any responsibility for its past denial of a FAPE. *Cf. M.C. on Behalf of J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996) ("[A] child's entitlement to special education should not

depend upon the vigilance of the parents . . . .).  The plaintiff in this case is aggrieved because the denial of a FAPE to L.W. continues to not be remedied.

The defendant's motion, to the extent it challenges standing, will be denied.

### B.    Exhaustion of Remedies

The defendant also moves to dismiss the plaintiff's complaint under Rule 12(b)(6) for failure to exhaust administrative remedies.  P. & A. at 14.  While at hearing, the defendant conceded exhaustion of remedies is a secondary argument, the court addresses it here.  The defendant argues the plaintiff failed to exhaust administrative remedies because the plaintiff did not seek the appropriate remedies during the due process hearing and did not file a motion for reconsideration under California law.  P. & A. at 14–15; Reply at 7.  Here as well, the court disagrees.

"Once a due process hearing [sic] issues an order that is not appealed by either party, the IDEA requires that the order be treated as 'final.'  20 U.S.C. § 1415(i)(1)(A).  No other administrative procedures are required to be exhausted."  *Porter v. Bd. of Trustees of Manhattan Beach Unified Sch. Dist.*, 307 F.3d 1064, 1071 (9th Cir. 2002).  Here, the OAH decision is "the final administrative determination."  Cal. Ed. Code § 5605(h).  The plaintiff did not need to exhaust any other state procedures.  *See Porter*, 307 F.3d at 1074 ("Only § 1415 procedures are required to be exhausted prior to suit.").

The defendant's motion, to the extent based on non-exhaustion, also will be denied.

### C.    Futility of Claim

Lastly, the defendant argues the plaintiff's first claim seeking partial alteration of the OAH remedy should be dismissed because the plaintiff "failed to offer any rationale as to why an order requiring [the defendant] to 'locate a nonpublic agency to provide the compensatory services to L.W.' would result in a more favorable outcome for Plaintiff."  P. & A. at 16.  The defendant argues, because the plaintiff "seems to have already contacted all of the relevant nonpublic agencies in the area and determined them unsuitable," "[t]here is no reason to believe [the defendant] would have a different, more favorable result. . . ."  *Id.* at 17.

The ALJ's order requires the defendant "to provide" the plaintiff with "individual, in-person, in-home" specialized academic instruction, speech and language, occupational therapy, and physical therapy "as equitable remedies for [the defendant's] FAPE denials . . . ." Compl. Ex. 1 at 40. Ultimately, as the plaintiff asserts, it is the responsibility of the defendant to provide L.W. with these services as remedies for violating L.W.'s rights under the IDEA. *Id.*; *see D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 272–73 (3d Cir. 2014) (noting district court and defendants' interpretation of hearing officer's order, "which places all of the responsibility on [the plaintiff] and his parents to remedy [the defendant's] failures under the IDEA, is contrary to the very purpose of the statute, which is to provide a *remedy* for those denied a FAPE" (emphasis in original)). As the defendant itself notes in reply, the ALJ's award has "no restrictions on cost or location." Reply at 4. Even if the plaintiff has been unable to locate services within the Redding area, the ALJ's order does not impose a geographic limitation and does not relieve the defendant of its obligation to provide compensatory education. Moreover, the defendant may have resources unavailable to the parent to identify appropriate services, wherever the provider may be located.

## IV.   CONCLUSION

For the reasons above, the court **denies the defendant's motion to dismiss.** The defendant shall file its answer within fourteen days.

**Within twenty-one days**, the parties shall file a joint status report advising the court of their positions regarding the court's possible referral of this case for settlement discussions facilitated by a member of this court's voluntary dispute resolution panel, the assigned magistrate judge or another judge of this court.

This order resolves ECF No. 12.

IT IS SO ORDERED.

DATED: October 19, 2022.

CHIEF UNITED STATES DISTRICT JUDGE